IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| STARLIGHT BAKER, *individually and on behalf of all those similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>KOHL'S CORPORATION<br>d/b/a KOHL'S INC.<br>N56 W17000 Ridgewood<br>Menomee Falls WI, 53051<br><br>Defendant. | No.:<br><br>INDIVIDUAL AND COLLECTIVE ACTION FOR UNPAID OVERTIME UNDER FLSA<br><br>INDIVIDUAL AND CLASS ACTION FOR UNPAID OVERTIME WAGES UNDER ARKANSAS MINIMUM WAGE ACT<br><br>INDIVIDUAL AND CLASS ACTION FOR UNPAID WAGES UNDER ARKANSAS COMMON LAW<br><br>**JURY TRIAL DEMANDED** |

## INDIVIDUAL, COLLECTIVE AND CLASS ACTION COMPLAINT

Named Plaintiff Starlight Baker (hereinafter referred to as "Named Plaintiff"), individually and on behalf of those similarly situated, by and through undersigned counsel, hereby complains as follows against Defendant Kohl's Corporation d/b/a Kohl's, Inc. (hereinafter referred to as "Defendant").

## INTRODUCTION

1. Named Plaintiff has initiated the instant action to redress Defendant's violations of the Fair Labor Standards Act, the Wisconsin Minimum Wage Act ("WMWA"), and the common law of Wisconsin Wage Payment and Collection Law (hereinafter referred to as "WWPCL"). Named Plaintiff asserts that Defendant failed to pay Named Plaintiff and other similarly situated individuals overtime wages in violation of the FLSA and the WWPCL and owed non-overtime wages in violation of WWPCL. As a result of Defendant's unlawful actions, Named Plaintiff and members of the putative class have suffered damages.

1

## JURISDICTION AND VENUE

2. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

4. The Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the FLSA. This Court has supplemental jurisdiction over related state law claims because they arise out of the same circumstance and are based upon a common nucleus of operative fact.

5. Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

6. The foregoing paragraphs are incorporated herein as if set forth in full.

7. Named Plaintiff is an adult individual who worked for Defendant in Arkansas.

8. Defendant is a company headquartered in Wisconsin.

9. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FLSA COLLECTIVE ACTION ALLEGATIONS

10. In addition to bringing this action individually, Named Plaintiff brings this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of Customer Service Associates, Area Supervisors, and other similar

non-exempt employees presently and formerly employed by Defendant and subject to Defendant's pay practices and policies described herein at any point from the three (3) years preceding the date the instant action was initiated through the present (hereinafter the members of this putative class are referred to as "Collective Plaintiffs").

11. Named Plaintiff's claims are typical of the claims of the Collective Plaintiffs, because Named Plaintiff, like all Collective Plaintiffs, was a non-exempt employee of Defendant within the last three years and subject to the pay practices and policies described herein whom Defendant failed to pay at least one and one-half times the regular rate for all hours worked more than 40 hours in a workweek as required by the FLSA.

12. There are numerous similarly situated current and former employees of Defendant who were compensated improperly for overtime work in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

13. Similarly situated employees are known to Defendant, are readily identifiable by Defendant, and can be located through Defendant's records.

14. Therefore, Named Plaintiff should be permitted to bring this action as a collective action individually and on behalf of those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

**CLASS ACTION ALLEGATIONS**
**(Wisconsin Minimum Wage Act)**

15. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

16. Named Plaintiff brings her claims asserting violations of the Wisconsin Minimum Wage Act as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of herself and all Customer Service Associates, Area Supervisors, and other non-exempt, hourly

employees presently and formerly employed by Defendant in Wisconsin, who, during the time period from three years prior to the filing of the instant complaint through the present, performed the Closing Procedures (defined below) and were subject to the wage and hour policies described herein (hereinafter the members of this putative class are referred to as "WMWA Plaintiffs").

17. The class is so numerous that the joinder of all class members is impracticable. Named Plaintiff does not know the exact size of the class, as such information is in the exclusive control of Defendant; however, on information and belief, the number of potential class members is estimated to be more than forty (40) employees.

18. Named Plaintiff's claims are typical of the claims of the putative class members, because Named Plaintiff Baker, like all WMWA Plaintiffs, was an hourly employee whom Defendant required to perform the Closing Procedures off-the-clock without compensation.

19. Named Plaintiff will fairly and adequately protect the interests of the putative class because Named Plaintiff's interests are coincident with, and not antagonistic to, those of the class. Named Plaintiff has retained counsel with substantial experience in the prosecution of class claims involving employee wage disputes.

20. Defendant has acted and refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole insofar as Defendant has applied consistent unlawful wage policies to the entire class and have refused to end these policies.

21. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action. The class will be easily identifiable from Defendant's records.

22. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously. Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendant. Furthermore, the amount at stake for individual putative class members may not be great enough to enable all the individual putative class members to maintain separate actions against Defendant.

23. Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class are whether Defendant failed to pay Named Plaintiff and WMWA Plaintiffs overtime wages for time spent performing the Opening Procedures prior to clocking in during workweeks in which they worked more than 40 hours per workweek.

**CLASS ACTION ALLEGATIONS**
**(Wisconsin Wage Payment and Collection Law)**

24. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

25. Named Plaintiff brings claims asserting violations of the Wisconsin Wage Payment and Collection Law (hereinafter referred to as "WWPCL") as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure individually and on behalf of all Customer Service Associates, Area Supervisors, and other non-exempt, hourly employees presently and formerly employed by Defendant in Wisconsin, who, during the time period from two years prior to the filing of the instant complaint through the present, performed the Closing Procedures

(defined below) and were subject to the wage and hour policies described herein (hereinafter the members of this putative class are referred to as "WWPCL Plaintiffs").

26. The class is so numerous that the joinder of all class members is impracticable. Named Plaintiff does not know the exact size of the class, as such information is in the exclusive control of Defendant; however, on information and belief, the number of potential class members is estimated to be more than forty (40) employees.

27. Named Plaintiff's claims are typical of the claims of the putative class members, because Named Plaintiff, like all Common Law Plaintiffs, was an hourly employee whom Defendant required to perform Closing Procedures off-the-clock without compensation.

28. Named Plaintiff will fairly and adequately protect the interests of the putative class because Named Plaintiff's interests are coincident with, and not antagonistic to, those of the class. Named Plaintiff has retained counsel with substantial experience in the prosecution of class claims involving employee wage disputes.

29. Defendant has acted and refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole insofar as Defendant has applied consistent unlawful wage policies to the entire class and have refused to end these policies.

30. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action. The class will be easily identifiable from Defendant's records.

31. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously. Prosecution of separate actions

by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendant. Furthermore, the amount at stake for individual putative class members may not be great enough to enable all the individual putative class members to maintain separate actions against Defendant.

32. Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class are: 1) whether Defendant failed to pay Named Plaintiff and WWPCL Plaintiffs wages for time spent performing the Closing Procedures prior to clocking in; 2) whether express contracts or implied contracts existed between Defendant and WWPCL Plaintiffs, and 3) whether Defendant breached and violated its contracts with WWPCL Plaintiffs.

## FACTUAL BACKGROUND

33. The foregoing paragraphs are incorporated herein as if set forth in full.

34. Beginning on or around June 13, 2019, Defendant hired Named Plaintiff as an Area Supervisor.

35. Named Plaintiff earned an hourly wage.

36. Named Plaintiff regularly worked at least 40 hours in a workweek according to Defendant's determination of his hours worked (i.e., excluding the unpaid hours worked at-issue).

37. Class Plaintiffs worked/work for Defendant as hourly employees.

38. Class Plaintiffs earned/earn an hourly wage.

39. Class Plaintiffs regularly worked/work at least 40 hours in a workweek according to Defendant's determination of their hours worked (i.e. excluding the unpaid hours worked at-issue).

40. Defendant classified/classifies Class Plaintiffs as non-exempt employees under WMWA.

**Failure to Pay Overtime for Time Spent in Closing Procedures**

41. The foregoing paragraphs are incorporated herein as if set forth in full.

42. At the end of each workday, Defendant required/requires Named Plaintiff and Class Plaintiffs (hereinafter collectively referred to as "Plaintiffs") to perform Closing Procedures after clocking out at the end of their shifts.

43. The Closing Procedures include but is not limited to, ensuring all employees in the store at closing time have clocked out, activating the alarm system, contacting the alarm system company in the event of activation issues, and locking all doors to the store.

44. As Plaintiffs performed the above mentioned Closing Procedures off-the-clock, Defendant did/does not compensate Plaintiffs for the time spent performing same.

45. As Plaintiffs regularly worked/work at least 40 hours each workweek, excluding the time performing Closing Procedures, Defendant's failure to pay them for the additional time spent performing same resulted in Defendant paying Plaintiffs less than at least one and one-half times their regular rate for all hours worked over 40 hours in a workweek.

46. As a result of Defendant's aforesaid illegal actions, Named Plaintiff and Class Plaintiffs have suffered damages as set forth herein.

## COUNT I
### Violations of the Fair Labor Standards Act ("FLSA")
**(Named Plaintiff and Class Plaintiffs v. Defendant)**
**(Failure to Pay Overtime Wages for Time Performing Closing Procedures)**

47. The foregoing paragraphs are incorporated herein as if set forth in full.

48. At all times relevant herein, Defendant stand/stood in an Employer/Employee relationship with Named Plaintiff and Class Plaintiffs under the FLSA.

49. At all times relevant herein, Defendant is/was responsible for paying wages to Named Plaintiff and Class Plaintiffs.

50. Pursuant to the FLSA, all the time an employee is required to be at his or her place of work shall be counted as hours worked.

51. Defendant violated the FLSA by failing to pay overtime wages to Named Plaintiff and Class Plaintiffs for the time it took/takes Plaintiffs to perform Closing Procedures.

52. Defendant's conduct in failing to pay Named Plaintiffs and Collective Plaintiffs properly was and is not an inadvertent error made in and good faith, and Defendant had no reasonable grounds for believing that the conduct was not a violation of the FLSA.

53. As a result of Defendant's conduct, Named Plaintiff and Class Plaintiffs have suffered damages as set forth herein.

## COUNT II
### Violations of the Wisconsin Minimum Wage Act ("WMWA")
**(Named Plaintiff and Class Plaintiffs v. Defendant)**
**(Failure to Pay Overtime Wages for Time Spent Performing Closing Procedures)**

54. The foregoing paragraphs are incorporated herein as if set forth in full.

55. At all times relevant herein, Defendant stand/stood in an Employer/Employee relationship with Named Plaintiff and Class Plaintiffs under the WMWA.

56. At all times relevant herein, Defendant is/was responsible for paying wages to Named Plaintiff and Class Plaintiffs.

57. Pursuant to the WMWA, all the time an employee is required to be at his or her place of work shall be counted as hours worked.

58. Defendant violated the WMWA by failing to pay overtime wages to Named Plaintiff and Class Plaintiffs for the time it took/takes Plaintiffs to perform Closing Procedures.

59. Defendant's conduct in failing to pay Named Plaintiffs and Collective Plaintiffs properly was and is not an inadvertent error made in and good faith, and Defendant had no reasonable grounds for believing that the conduct was not a violation of the WMWA.

60. As a result of Defendant's conduct, Named Plaintiff and Class Plaintiffs have suffered damages as set forth herein.

### COUNT III
### Violations of the Wisconsin Wage Payment and Collection Law ("WWPCL")
**(Named Plaintiff and Class Plaintiffs v. Defendant)**
**(Failure to Pay Owed Wages)**

61. The foregoing paragraphs are incorporated herein as if set forth in full.

62. The foregoing paragraphs are incorporated herein as if set forth in full.

63. At all times relevant herein, Defendant stand/stood in an Employer/Employee relationship with Named Plaintiff and Class Plaintiffs under the WWPCL.

64. At all times relevant herein, Defendant is/was responsible for paying wages to Named Plaintiff and Class Plaintiffs.

65. Pursuant to the WWPCL, all the time an employee is required to be at his or her place of work shall be counted as hours worked.

66. Defendant's conduct in failing to pay Named Plaintiff and Class Plaintiffs all wages earned violated the WWPCL.

67. As a result of Defendant's conduct, Named Plaintiff and Class Plaintiffs have suffered damages as set forth herein.

**WHEREFORE**, Named Plaintiff and Class Plaintiffs pray that this Court enter an Order providing that:

(1) Defendant is to be prohibited from continuing to maintain its illegal policy, practice or customs in violation of FLSA , WMWA and WWPCL;

(2) Defendant is to compensate, reimburse, and make Named Plaintiff and Class Plaintiffs whole for any and all pay they would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings;

(3) Named Plaintiff and Class Plaintiffs are to be awarded liquidated damages as provided by applicable law;

(4) Named Plaintiff and Class Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable state law;

(5) Named Plaintiff and Class Plaintiffs are to be awarded all other relief this Court deems just and proper;

(6) Named Plaintiff's and Class Plaintiffs' claims are to receive a trial by jury.

Respectfully Submitted,

*/s/ Matthew Miller*
Matthew D. Miller, Esq.
Manali Arora, Esq.
**SWARTZ SWIDLER, LLC**
1101 Kings Highway N., Ste. 402
Cherry Hill, NJ 08034

Phone: (856) 685-7420
Fax: (856) 685-7417

Date: July 20, 2021